IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A. HENSON, JR., #331-667, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. RWT-13-2266 |
| | * |
| LT. DALE SMITH, et al., | * |
| | * |
| Defendants. | * |
| | * |

**MEMORANDUM OPINION AND ORDER**

Pending is a Motion to Dismiss, or in the Alternative Motion for Summary Judgment

filed by Defendants Lt. Dale Smith, Lt. William Miller, Sgt. William Gillum, Sgt.Walter Iser,

Sgt. Joseph Tindal, Shawn Gainer and John Sindy and Plaintiff's responses thereto.

ECF Nos. 25, 27, 28.[1]  The Court has reviewed the motions, related memoranda, and applicable

law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md. 2014).

**BACKGROUND**

Plaintiff alleges, generally, that Defendants continually place him in harm's way.  He

states that Defendants refuse to develop an adequate policy to address risks to his health, safety,

and welfare.  He further alleges that he has been prevented from taking outside recreation since

March of 2006, and reiterates his claim that in October 2011 he was brutally assaulted by another

inmate.[2]  ECF No. 1.  Plaintiff does not seek monetary damages; rather, he asks that he be placed

---

[1] Plaintiff's responses are difficult to decipher.  He attaches his requests for administrative remedy filed in October of 2014.  To the extent these remedy requests raise new issues they are not properly before the Court and will not be considered. If Plaintiff believes his civil rights have been violated in regard to these claims, he is free to file new civil rights complaints.

[2] Plaintiff previously filed suit regarding the assault as well as allegations concerning Defendants Wilson, Merling, Lark, and Weber assigning him to a cell with Jenkins an alleged "professed racists."  *See Henson v. Likin*, Civ. No. RWT-11-2719 (D. Md. Aug. 9, 2012).  Defendants were granted summary judgment in that case. In addition, Plaintiff previously filed suit against Defendants CO II Jesse Lambert, CO II Nicholas Soltas, CO II Steven Miller,

on protective custody, that a federal investigation be undertaken, and that the media be notified. *Id*. Plaintiff supplemented his original filing, claiming a vast conspiracy among unnamed members of judiciary, State, and county officials. ECF No. 4. Plaintiff has filed numerous complaints alleging he is at risk of assassination by a conspiracy of racist correctional officers and gang members. His claims have been investigated and found unsubstantiated, resulting in the dismissal of the claims both administratively and judicially. *See, e.g.*, *Henson v. Likin*, Civ. No. RWT-11-2719 (D. Md. Aug. 9, 2012); *Henson v. Miller*, Civ. No. RWT-12-0763 (D. Md. Aug. 16, 2013); *Henson v. Lambert*, Civ. No. RWT-12-3271 (D. Md. Aug. 2, 2013); ECF No. 25, Ex. 1, Attach. 1, p. 3.

Correctional Case Management Specialist John White, avers that staff at North Branch Correctional Institution ("NBCI") and Western Correctional Institution ("WCI") have undertaken steps to ensure Plaintiff's safety, such as verifying Plaintiff's Enemy Alert Screen and ensuring Plaintiff is not placed in a cell with a documented enemy. ECF No. 25, Ex. 1, p. 5; Attach. 4, p. 46. White also notes that despite Plaintiff's claims that his safety is in jeopardy, he continuously refuses to cooperate with investigators examining his concerns—frequently declining to be interviewed, to attend team reviews, or to discuss his grievances with

---

CO II Randolph Bennett, CO II Christopher Ortt, CO II Joshua Tart, and CO II Shawn Murray, alleging they assigned him to cells with gang members and advised gang members on the unit that Plaintiff was a rapist. He reiterated his claim regarding the assault by Jenkins and sought protective custody and a federal investigation. *See Henson v. Lambert*, Civ. No. RWT-12-3271 (D. Md. Aug. 2, 2013). Defendants were granted summary judgment in that case. Any claims based on these events are barred by the doctrine of claim preclusion. *Res judicata* is established where there has been a final judgment on the merits in a prior suit, an identity of the cause of action in both the earlier and the later suit, and an identity of parties or their privies in the two suits. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F. 3d 243, 248 (4th Cir. 2005). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F. 2d 1054, 1057 (4th Cir. 1991). In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id*. (quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F. 2d 355, 359 (4th Cir. 1989)).

investigative staff.  *Id*. at Ex. 1, p. 5; Attach. 5, pp. 112–20; Attach. 6, pp. 122–27, 129;

Attach. 9, pp. 145, 147–49; Attach. 11, p. 166.

Plaintiff has been housed in Special Confinement Housing since March 27, 2006, either

on disciplinary or administrative segregation, due to his lengthy history of disciplinary

violations.  *Id*. at 2–4; Attach. 3, pp. 30–45, 47–55.  Plaintiff's infraction history includes several

violations for refusing housing, three infractions for failing to provide a urine specimen, one

violation for indecent exposure or masturbation, one violation for possessing a weapon, and three

violations for assaults on other inmates.  *Id*. at Ex. 1, p. 3.  While housed on disciplinary

segregation (like all other inmates), Plaintiff does not leave his cell unless he is restrained and

escorted by correctional staff.  He showers alone and receives all meals in his cell.

From May 16, 2012, when Plaintiff was transferred to NBCI, to the date he drafted this

complaint, he was housed with just one other inmate with whom he reported no significant issues

or threats.  Between the filing of this complaint and the filing of Defendants' dispositive motion,

Plaintiff was housed with two other cellmates with whom no significant issues were reported.

*Id*. at 5–6.  Records of Plaintiff's segregation confinement sheets from July 2013 to May 2014

reveal that Plaintiff was regularly provided the opportunity for recreation and showers, but that

he more often than not refused the opportunities.  *Id*. at 5; Attach. 2, pp. 5–28.

As a result of Plaintiff's frequent and prolific correspondence to judges and law makers

claiming that he is in fear for his safety, several investigations into his claims have been

undertaken.  *Id*. at Attach. 5, pp. 115–19; Attach. 6, pp. 122–27; Attach. 7, pp. 131–33; Attach. 8,

pp. 135–43; Attach. 10, pp. 151–60.  The extensive investigations found no evidence of a threat

to Plaintiff's safety and culminated in an April 6, 2010 letter from Jon P. Galley, Regional

Executive Director, advising that no substantive information was obtained and that there was no indication Plaintiff was in danger. *Id.* at 2; Attach. 11, pp. 166–71.

**STANDARD OF REVIEW**

**I.     Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the  plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th  Cir. 1999).   The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).   Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563.  The Court need not, however, accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events. *Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989); *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**II.     Motion for Summary Judgment**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The Court shall grant summary judgment if the movant shows that
> there is no genuine dispute as to any material fact and the movant
> is entitled to judgment as a matter of law.

The Supreme Court has clarified this does not mean any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of
> *some* alleged factual dispute between the parties will not defeat an
> otherwise properly supported motion for summary judgment; the
> requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247–48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).  The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002).  The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986), the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact.  No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have

the burden of proof.   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).   Therefore, on

those issues on which the nonmoving party has the burden of proof, it is his or her responsibility

to confront the summary judgment motion with an affidavit or other similar evidence showing

that there is a genuine issue for trial.

## ANALYSIS

### I.   Failure to Protect Claim

To the extent Plaintiff seeks to raise a failure to protect claim under the Eighth

Amendment, his claim fails.   Plaintiff must establish that Defendants exhibited deliberate or

callous indifference to a specific known risk of harm.   *See Pressly v. Hutto*, 816 F. 2d 977, 979

(4th Cir. 1987).   "Prison conditions may be restrictive and even harsh, but gratuitously allowing

the beating or rape of one prisoner by another serves no legitimate penological objective, any

more than it squares with evolving standards of decency.   Being violently assaulted in prison is

simply not part of the penalty that criminal offenders pay for their offenses against society."

*Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (citations omitted).   "[A] prison official cannot

be found liable under the Eighth Amendment for denying an inmate humane conditions of

confinement unless the official knows of and disregards an excessive risk to inmate health or

safety; the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference."   *Id* at 837; *see also*

*Rich v. Bruce*, 129 F. 3d 336, 339–40 (4th Cir. 1997).

As noted by the Supreme Court in *Farmer*,

> Prison officials have a duty . . . to protect prisoners from violence at the hands of
> other prisoners.   Having incarcerated persons with demonstrated proclivities for
> antisocial criminal, and often violent, conduct, having stripped them of virtually
> every means of self-protection and foreclosed their access to outside aid, the
> government and its officials are not free to let the state of nature take its course.

6

> Prison conditions may be restrictive and even harsh, but gratuitously allowing the
> beating or rape of one prisoner by another serves no legitimate penological
> objective any more than it squares with evolving standards of decency.  Being
> violently assaulted in prison is simply not part of the penalty that criminal
> offenders pay for their offenses against society.

*Id.* at  833 (internal quotations and citations omitted).  In a failure to protect claim, a prisoner

must show, first, that the harm he suffered was objectively serious, and second, that prison

officials acted with deliberate indifference.  *Id.* at 834.

Plaintiff generally alleges he is in fear for his safety and Defendants have failed to take

corrective action.  Plaintiff's allegations of possible harm are speculative.  There is no evidence

to support Plaintiff's sweeping assertions that correctional officers intentionally placed him in

harm's way. To the contrary, correctional staff have investigated his wide-ranging claims of

conspiracy amongst staff and gangs and have found no evidence to support Plaintiff's

allegations—his claims have been documented, his known enemies have been documented, he is

presently housed on segregation where he resides in the most secure setting available, and he is

escorted by correctional staff when he leaves his cell.  Given Plaintiff's history of continual

complaints regarding his housing assignments and the absence of any objective evidence to

support his claim that he is targeted for abuse by correctional officers, Plaintiff's claim simply

cannot proceed.  The Eighth Amendment claim for failure to protect from violence is belied by

the record before this Court.

## II.      Conditions of Confinement Claim

To the extent Plaintiff's claims are construed as a conditions of confinement claim, they,

too, are subject to dismissal.  Conditions that "deprive inmates of the minimal civilized measure

of life's necessities" may amount to cruel and unusual punishment.  *Rhodes v. Chapman*,

452 U.S. 337, 347 (1981).  However, conditions that are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society."  *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citation omitted).  "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual."  *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991)).

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded.  *See Wilson*, 501 U. S. at  298.  In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so."  *Brown v. North Carolina Dept. of Corrections,* 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).  Conduct is not actionable under the Eighth Amendment unless it transgresses bright lines of clearly established preexisting law.  *See Maciariello v. Sumner*, 973 F. 2d 295, 298 (4th Cir. 1992).

The objective prong of a conditions claim requires proof of an injury.  "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."  *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).  "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment

claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Odom v. South Carolina Dept. of Corrections*, 349 F. 3d 765, 770 (4th Cir. 2003).

Plaintiff has not demonstrated that he suffered a serious or significant injury as a result of the denial of outdoor recreation or lack of showers. Further, the evidence before the Court is that Plaintiff was regularly offered outdoor recreation and showers which he refused. There is no allegation, much less evidence, that Defendants knew of an excessive risk of harm to Plaintiff's health or safety and disregarded it.

### III.   Injunctive Relief

Lastly, Plaintiff is not entitled to any of the injunctive relief he requests. A preliminary injunction temporarily affords an extraordinary remedy prior to trial. The party seeking a preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20–23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292–93 (4th Cir. 2011). Plaintiff's requests for injunctive relief shall be denied, as he does not clearly establish that he would suffer immediate and irreparable injury, loss, or damage, if the relief requested is not provided.

Substantial deference is to be given to the judgment of prison administrators. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). This deference is at its greatest when prison order is at stake. *See Long Term Administrative Segregation of Inmates Designated as Five*

*Percenters,* 174 F.3d 464, 469 (4th Cir. 2003).   As noted above, the evidence demonstrates that

Defendants believe Plaintiff is appropriately and safely housed.   Plaintiff has failed to produce

evidence that he is likely to suffer irreparable harm if this Court does not order protective

custody.   Moreover, it is not the province of this Court to determine how a particular prison

might be more beneficently operated; the expertise of prison officials must be given its due

deference. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Similarly, Plaintiff's request that the Court order a federal investigation is unavailable.

The Court does not have the authority to direct prosecutors to prosecute a crime or to investigate

possible criminal charges. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also*

*United States v. Derrick*, 163 F. 3d 799, 825 (4th Cir. 1998).   Plaintiff is, therefore, not entitled

to injunctive relief and his requests for same shall be denied.

Accordingly, it is, this 25th day of March, 2015, by the United States District Court for

the District of Maryland,

**ORDERED**, that Defendants Motion for Summary Judgment (ECF No. 25) is hereby

**GRANTED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Order to

Plaintiff and Counsel of Record; and it is further

**ORDERED**, that the Clerk is **DIRECTED** to close this case.

_____/s/_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
